UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CURTIS WILLIAMS,<br><br>    Defendant. | Case No. 11-20269<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S REQUEST FOR
THE APPOINTMENT OF COUNSEL [50]**

On December 13, 2011, Curtis Williams plead guilty to possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking offense, and being a felon in possession of a firearm. (ECF No. 25). A few months later he was sentenced to 262 months' imprisonment. (ECF No. 29; ECF No. 40).[1] His current release date is December 27, 2034. (ECF No. 50, PageID.244.) The past few years Williams has made a few unsuccessful requests for a sentencing reduction. (ECF Nos. 47, 49.)

He would like to try again. Williams has penned a letter expressing "his genuine remorse for the actions that led to [his] incarceration," describing his rehabilitative efforts and "significant transformation" while incarcerated, and pointing out what he feels are some "disparities" in his case. (ECF No. 50.) Thus, he

---

[1] The case has been reassigned to the undersigned following the deaths of two of the prior presiding judges and the inactive status of the third.

requests the appointment of counsel to "help [him] navigate the procedures for compassionate release." (*Id.* at PageID.230.) At this time, however, the Court is not convinced that this request is warranted.

"[T]here is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). And although "exceptional circumstances" may warrant appointing counsel in a § 3582(c) proceeding, *see United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *3 (6th Cir. Mar. 15, 2022), Williams' letter does not identify any such circumstances. Indeed, Williams' letter demonstrates an ability to adequately advocate for himself.

Further, a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. But the compassionate release statute only allows the court to reduce a defendant's sentence if it finds, among other things, that "extraordinary and compelling reasons" warrant a reduction and that the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). But even after the Sentencing Commissions' recent amendments to its governing policy statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). Moreover, given the nature and circumstances of the underlying offense, Williams' significant criminal history, his lack of deterrence, and concerns about danger to the community, it is unlikely the § 3553(a) factors would support a sentencing reduction.

2

For these reasons, therefore, Williams' request for the appointment of counsel (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated: May 5, 2025

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE